NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENNADIY OLIKHVER,<br><br>Plaintiff,<br><br>v.<br><br>FUEL TRANSIT LLC & MARK GREK,<br><br>Defendants. | No. 15cv366 (EP) (MAH)<br><br>OPINION |

**PADIN, District Judge.**

In 2015, Gennadiy Olikhver ("Plaintiff" or "Olikhver") sued Defendants Fuel Transit LLC ("Fuel Transit") and Markiian Grek[1] ("Grek") (collectively "Defendants") for federal and state wage violations. D.E. 1 ("Complaint"). After Defendants defaulted, the Court granted Olikhver's motion for default judgment and entered judgment against the Defendants on July 22, 2015. D.E. 12 ("Default Judgment"). Now, almost nine years later, Grek moves, unopposed, to cancel the judgment against him pursuant to N.J. Stat. Ann. 2A:16-49.1. D.E. 16-2 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). For the reasons set forth below, the Motion will be **GRANTED** and the judgment entered against Grek in this action will be **CANCELLED** and **DISCHARGED**.

**I.    BACKGROUND**

After Defendants did not appear and default was entered against them, the Court granted Olikhver's motion for default judgment and ordered judgment against Defendants on July 22, 2015. Default Judgment. The Court awarded Olikhver $27,770.00 in compensatory damages,

---

[1] Plaintiff did not use Grek's full first name in his pleading, but Grek has since clarified that his full first name is Markiian.

$730,000.00 in liquidated damages, $15,050.00 in attorney's fees, $1,500.00 in costs, and pre- and post-judgment interest. *Id.*

On November 21, 2019, Grek and his wife filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, Case No. 19-31958. E. 16-1 ("Grek Cert.") ¶ 3. At the time of Grek's bankruptcy, he and his wife owned real property located at 66 Pennsylvania Avenue, Waretown, New Jersey 08758 (the "Property"). D.E. 18 ("Grek Supp. Cert.") ¶ 2. Grek purportedly was unaware of the Default Judgment until recently when he conducted a judgment search and, thus, did not list Olikhver as a creditor in the bankruptcy proceeding. Grek Cert. ¶¶ 2, 7.

During the bankruptcy, the bankruptcy trustee abandoned the Property. Grek Supp. Cert. at Ex. A ("Notice of Proposed Abandonment"); *id.* at Ex. B ("Certificate of No Objection to Abandonment"). On February 21, 2020, the Bankruptcy Court entered an Order of Discharge, discharging Grek and his wife under 11 U.S.C. § 727. Grek Cert. ¶ 5; *id.* at Ex. C ("Order of Discharge"); *id.* at Ex. B ("Bankruptcy Court Docket") at D.E. 18. On March 23, 2020, the Bankruptcy Court entered a Final Decree closing the case and declaring that the estate of Grek and his wife had been fully administered. *Id.* at Ex. D ("Final Decree").

Grek still owns the Property. Grek Supp. Cert. ¶ 3. As far as the Court and Grek are aware, Olikhver has never levied upon the Default Judgment to obtain the Property, either before the bankruptcy filing or after the bankruptcy trustee's abandonment of the Property. *See id.* ¶ 5.

On April 22, 2024, counsel appeared in this matter on behalf of Grek. D.E. 14. On April 30, Grek moved to cancel the judgment against him pursuant to N.J. Stat. Ann. 2A:16-49.1.[2] Mot.

---

[2] N.J. Stat. Ann. 2A:16-49.1 provides for, *inter alia*, and under certain circumstances, cancellation of judgments that act as liens on real property owned by a bankrupt person.

2

The Court ordered supplemental briefing to address deficiencies in the Motion. D.E. 17. Grek then submitted a supplemental declaration and supplemental brief. Grek Supp. Decl.; D.E. 18-1 ("Supp. Br."). Grek's counsel represented that he communicated with Olikhver's counsel and that Olikhver does not oppose the Motion, or the relief requested therein. Supp. Br. at 1.

II.     ANALYSIS

N.J. Stat. Ann. 2A:16-49.1 sets forth a procedure for a bankrupt person to pursue cancellation and discharge of lingering judgment liens that are dischargeable under the Bankruptcy Code:

> At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order directing the judgment to be canceled and discharged of record. . . . Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real estate shall not be affected by said order and may be enforced, but in all other respects the judgment shall be of no force or validity, nor shall the same be a lien on real property acquired by him subsequent to his discharge in bankruptcy.

"Courts in this District have regularly applied the statute to cancel judgments discharged in bankruptcy." *Hunter Bros., Inc. v. Delmonte Farms LLC*, No. 12-6197, 2024 WL 1795359, at *2 (D.N.J. Apr. 25, 2024) (collecting cases). The purpose of Section 2A:16-49.1 is to "assure that judgments intended to be discharged under federal bankruptcy law will not continue to cloud the marketability of title to property owned by the debtor." *Id.* (quoting *Quality King Fragrance Inc. v. Barbanel*, No. 06-367, 2017 WL 3259809, at *1 (D.N.J. Feb. 7, 2017) (internal quotation marks omitted), *R&R adopted*, 2017 WL 3259794 (D.N.J. July 31, 2017)). "Consequently, the determinative question on a motion to discharge a judgment under this statute is whether or not

3

the lien was subject to be discharged or released under the provisions of the Bankruptcy Code." *Id.* (quoiting *Quality King Fragrance*, 2017 WL 3259809, at *1) (internal quotation marks omitted).

Here, as required under Section 2A:16-49.1, over a year has passed since the Order of Discharge. Order of Discharge; Bankruptcy Court Docket at D.E. 18. Once entered, the Default Judgment became a lien against the Property under New Jersey law and 28 U.S.C. § 1962. *See New Brunswick Sav. Bank v. Markouski*, 123 N.J. 402, 411-12 (1991) ("A holder of a docketed judgment has a lien on all real property held by the judgment debtor in the state."); § 1962 ("Every judgment rendered by a district court within a State shall be a lien on the property located in such State . . . ."). Although Grek's personal debt underlying the Default Judgment was discharged by the Order of Discharge, the judgment lien against the Property was not because the bankruptcy trustee's abandonment of the property. Notice of Proposed Abandonment; Certificate of No Objection to Abandonment; *see Hunter Bros.*, 2024 WL 1795359, at *3; *Quality King Fragrance*, 2017 WL 3259809, at *2.

However, the Default Judgment lien is nevertheless dischargeable under the Bankruptcy Code. Section 544 of the Bankruptcy Code generally permits a bankruptcy trustee to avoid judgment liens against a bankrupt party's real property. *See* 11 U.S.C. § 544. "Accordingly, New Jersey courts have consistently found that abandonment of real property by a bankruptcy trustee, and consequent survival of liens against that property, does not alter the fact that a judgment lien against the property *could* have been discharged during the bankruptcy proceeding." *Quality King Fragrance*, 2017 WL 3259809, at *2 (citing *Chemical Bank v. James*, 354 N.J. Super. 1, 9, 11 (App. Div. 2002)) (emphasis in original). "A judgment lien becomes non-dischargeable only if it is levied upon, either before bankruptcy filing or after the bankruptcy trustee's abandonment of

4

the property." *Id.* (citing *Chemical Bank*, 354 N.J. Super. At 9, 11, 12; *Gaskill v. Citi Mortg., Inc.*, 428 N.J. Super. 234, 243 (App. Div. 2012); *Party Parrot, Inc. v. Birthdays & Holidays, Inc.*, 289 N.J. Super. 167, 171-72, 175 (App. Div. 1996)).

As far as the Court and Grek are aware, Olikhver never levied upon the Default Judgment, either before the bankruptcy filing or after the bankruptcy trustee's abandonment of the Property. *See* Grek Supp. Cert. ¶ 5. Because the requirements of Section 2A:16-49.1 are met, and because cancelling the Default Judgment under these circumstances "would accord with the result of many opinions from New Jersey courts addressing the same circumstances," the Court will cancel and discharge the Default Judgment. *Quality King Fragrance*, 2017 WL 3259809, at *2 (collecting cases); *see also Hunter Bros.*, 2024 WL 1795359, at *3 ("In any case, courts in this District have canceled and discharged judgments pursuant to [Section] 2A:16-49.1 upon only certification that the conditions of the statute have been met combined with the nonopposition of the judgment creditor and a bankruptcy court discharge.") (collecting cases).

### III. CONCLUSION

For the foregoing reasons, Grek's Motion will be **GRANTED** and the Default Judgment will be **CANCELLED** and **DISCHARGED**.

Dated: October 3, 2024

Evelyn Padin, U.S.D.J.

5